UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENT KIRTUS WELLS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No. 3:13-cv-06089-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 12, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Sec'y of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On September 27, 2010, plaintiff filed an application for disability insurance benefits alleging disability as of January 1, 2008, due to bipolar affective disorder and attention deficit hyperactivity disorder ("ADHD"). See Administrative Record ("AR") 158-59, 185. For purposes of disability insurance benefits, plaintiff's date last insured is March 31, 2012. See AR 12, 172. Plaintiff's application was denied upon initial administrative review and on

REPORT AND RECOMMENDATION - 1

reconsideration. See AR 82-84, 90-91.  A hearing was held before an administrative law judge ("ALJ") on June 6, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE"). See AR 29-60.

On July 23, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 9-28.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 25, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. § 404.981.  On December 27, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No. 1.  The administrative record was filed with the Court on March 7, 2014. See Dkt. No. 8.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further administrative proceedings because the ALJ erred in evaluating the medical evidence in the record.  For the reasons set forth below, the undersigned disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore recommends that defendant's decision be affirmed.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence

and making the decision.") (citing <u>Brawner v. Sec'y of Health and Human Serv.</u>, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation omitted); <u>see</u> also <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting <u>Rhinehart v. Finch</u>, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.   <u>The ALJ's Evaluation of the Medical Evidence in the Record</u>

Plaintiff argues the ALJ erred in his assessment of the medical opinions of consultative examining psychiatrist Michelle Zipperman, MD, and examining psychologist Terilee Wingate, PhD. Dkt. No. 11, pp. 3-6. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. <u>See</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

<u>Sorenson</u>, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

### A. Consultative Examining Psychiatrist Michelle Zipperman, MD

Plaintiff argues the ALJ erred by failing to adopt or reject the opinion of examining psychiatrist Michelle Zipperman, MD, that plaintiff's ability to complete a normal workday and workweek without interruptions from a psychiatric condition was "fair and primarily limited by lack of motivation", and that plaintiff's ability to deal with the usual stress encountered in the workplace was "limited secondary to his anger management deficits and labile mood." Dkt. No 11, pp. 3-4; AR 334. Notably, Dr. Zipperman also opined plaintiff's "limitations are likely primarily due to his history of substance abuse[,] which corresponds to his poor employment history." AR 333. The ALJ gave Dr. Zipperman's opinions significant weight and provided examples of how Dr. Zipperman's opinions were consistent with examination findings and other evidence in the record. See AR 21 (citing AR 329-33, 368-69, 379).

Defendant argues the ALJ reasonably accommodated Dr. Zipperman's opinions by limiting plaintiff to "work that involves simple repetitive tasks and occasional interaction with supervisors, co-workers, and the public." AR 17. This Court agrees. Although, Dr. Zipperman did not specifically define the terms, including "fair" and "good", which she used in her assessment of plaintiff's functional limitations, there is nothing in Dr. Zipperman's evaluation

REPORT AND RECOMMENDATION - 4

that would indicate she intended to use these terms in a non-standard way. See AR 333-34. For this reason, the ALJ's assessment that Dr. Zipperman's opinion that plaintiff's ability to complete a normal workday or workweek was fair, or adequate, and therefore merited no additional limitation, was reasonable. See Fair [Def. 10a]. (n.d.) Merriam-Webster Online, Retrieved August 13, 2014, from www.meriam-webster.com/dictionary/fair (defining term "fair" as "sufficient but not ample: adequate"). Although plaintiff argues for a more favorable interpretation of this evidence, "[i]f the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen, 749 F.2d at 579.

Furthermore, Dr. Zipperman did not specify the degree of limitation in opining plaintiff's ability to deal with the usual stress encountered in the work place was "limited secondary to [plaintiff's] anger management deficits and labile mood". AR 17, 334. In this circumstance, the ALJ may permissibly draw inferences "logically flowing from the evidence." See Sample, 694 F.2d at 642; see also Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (the Court itself may draw "specific and legitimate inferences from the ALJ's opinion."). Here, the record indicates Dr. Zipperman's opinion regarding plaintiff's anger management deficits and limitations in dealing with workplace stress derived from plaintiff's own reports regarding his previous employment. See AR 330. Dr. Zipperman noted plaintiff "was fired from his last job due to a fist fight with his foreman after his supervisor criticized him." AR 330. By limiting plaintiff to simple repetitive tasks and only occasional interaction with supervisors and coworkers, the ALJ minimized plaintiff's exposure to workplace situations that might trigger his anger and mood swings. In this way, the ALJ reasonably accommodated Dr. Zipperman's opinion regarding plaintiff's limitation in handling workplace stressors. See AR 317, 34. As

REPORT AND RECOMMENDATION - 5

such, the Court recommends the ALJ's assessment of Dr. Zipperman's medical opinion be affirmed.

### A. Examining Psychologist Terilee Wingate, PhD

Plaintiff also argues the ALJ erred by failing to offer legally sufficient reasons to reject the medical opinion of examining psychologist Terilee Wingate, PhD, that plaintiff would have marked limitations in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. Dkt. No. 11, pp. 4-6; s*ee* AR 375. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when an examining psychologist's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. Here, plaintiff concedes the specific and legitimate standard applies to the ALJ's assessment of Dr. Wingate's opinion. Dkt. No. 11, p. 2 (citing Lester, 83. F.3d at 830).

Dr. Wingate defined "marked limitation" as a "[v]ery significant interference with basic work related activities." AR 373. Dr. Wingate's opinion is significant because the basic mental demands of competitive unskilled work require the ability, on a sustained basis, to respond appropriately to usual work situations. See Social Security Ruling ("SSR") 85-15, 1985 WL 56857*4. A substantial loss of ability to meet this basic work related activity would justify a finding of disability under the Act. Id. Here, the ALJ rejected Dr. Wingate's opinion because it was inconsistent with the medical evidence as a whole, which showed no more than moderate limitations in social functioning. See AR 22. This is a specific and legitimate reason supported by substantial evidence. See Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004).

REPORT AND RECOMMENDATION - 6

An ALJ need not accept the opinion of an examining psychologist, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson, 359 F.3d at 1195; see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  In finding that Dr. Wingate's opinion regarding plaintiff's social limitations was not supported by the medical record, the ALJ pointed to the results of mental status examinations, during which plaintiff presented as pleasant and cooperative, and to specific treatment notes and reports by plaintiff that indicated plaintiff's mental symptoms were controlled with medication or not present at a disabling level.  See AR 22 (citing AR 270 (anger much better on lithium), 279-80 (symptoms improved since starting medication, no depression, anger, or mania, bipolar well controlled) 332-34 (pleasant and cooperative with good eye contact), 368-69 (eye contact fair, attitude/behavior cooperative)); see also AR 19 (citing AR 264 (symptoms well controlled on current medication dose), 283 (appropriate interaction despite symptoms of anxiety and depression), 340-42 (not in counseling, but feels stable on medication, symptoms relieved with medication)), 21 ( citing AR 379 (able to socialize with a girlfriend and a few good friends, and live with mother and stepfather)).

In discussing the medical evidence of record, the ALJ also noted that "[t]he longitudinal record demonstrates that [plaintiff] functioned quite well when he took his medication and abstained from substances."  AR 22; see also AR 20 (noting plaintiff's symptoms were exacerbated when he stopped taking his medication and during times when he was not clean from drugs)(citing AR 285-86 (June 2010 treatment note indicating moderate bipolar disorder with exacerbation of symptoms including irritability, anxiety, depression, and mood swings)(inferring substance use during this period), 331 (indicating last use of methamphetamines was August 2010), 408-09 (December 2011 note treatment indicating

REPORT AND RECOMMENDATION - 7

moderate depression and exacerbation of symptoms following "quite a few" months without medication); accord AR 333 ("[plaintiff's] limitations are likely primarily due to his history of substance abuse which corresponds to his poor employment history.").

For these reasons, the ALJ's offered legally sufficient reasons supported by substantial evidence in the record as a whole, including records that indicated plaintiff's symptoms were well controlled when he complied with treatment recommendations and abstained from substance use, for rejecting the social limitations opined by Dr. Wingate. See Lester, 81 F.3d at 830-31.  Although plaintiff argues for a more favorable interpretation of this evidence, it is not the job of the Court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." Thomas, 278 F.3d at 954 (citing Morgan, 169 F.3d at 599, 601).

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court affirm defendant's decision pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(b) (1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **September 12, 12014**, as noted in the caption.

//

REPORT AND RECOMMENDATION - 8

DATED this 18th day of August, 2014.

                                              Karen L. Strombom
                                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 9